UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ESLAMI, | No. 2:23-cv-02330-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| G. MATTESON, et al., | |
| Defendants. | |

Plaintiff is state prison inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2).  The court will grant his application and screen the complaint.

<u>Application to Proceed in Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

1

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

Screening Order

Plaintiff alleges that various California Department of Corrections and California State Prison, Solano employees violated his constitutional rights by imposing discipline on him following the discovery of heroin in his cell. Plaintiff alleges that this episode culminated in a revocation of 121 days good conduct credits, "which adds 121 days to the end of plaintiff's sentence." ECF No. 1 at 22. Plaintiff also attempts to state claims against various employees who were involved with processing his grievance regarding the disciplinary action, and he claims that defendant Matteson, CSP-Solano Warden, is liable because of "respondeat superior." *Id.* at 23.

Because success on plaintiff's claim regarding the disciplinary action would invalidate the revocation of time credits and therefore shorten plaintiff's sentence, he must show that the disciplinary finding has been invalidated (for example, through the granting of a petition for writ of habeas corpus) before he can proceed with a § 1983 action. *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 (9th Cir. 2024). Plaintiff has not alleged that the disciplinary action has been invalidated, and thus his claims against defendants Hayer and Wise must be dismissed without prejudice; plaintiff may raise these issues in a petition for writ of habeas corpus. In addition, the court will give plaintiff the opportunity to file an amended complaint alleging that the disciplinary action has been overturned such that success on these claims would not invalidate the revocation of his good conduct credits.

Plaintiff's claims concerning the processing of his grievance (against defendants Petty, Cavagnolo, Tyler, and Mosely) must be dismissed because there is no constitutional right to a specific grievance procedure and thus no cause of action for improper processing. *McCoy v. Roe*, 509 Fed. Appx. 600, 660 (9th Cir. 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Lastly, plaintiff's claim against defendant Matteson must be dismissed because it is premised solely on a theory of "respondeat superior" (i.e., that Matteson is liable for the misconduct of subordinates). "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If plaintiff wishes to state a viable claim against defendant Matteson, he must allege facts showing Matteson's personal participation in a

3

violation of plaintiff's rights.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.

4. Failure to comply with this order may result in dismissal of this action.

Dated: April 24, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE