UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ESLAMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. MATTESON, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02330-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action brought under 42 U.S.C. § 1983. ECF No. 1, 7. The court dismissed plaintiff's original complaint with leave to amend. Plaintiff has filed an amended complaint. ECF No. 12.

**I.   Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

////

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   Screening**

In screening the original complaint, the court informed plaintiff that, because he had been assessed a loss of time credits as a result of the disciplinary action he challenges, he must allege that the disciplinary finding has been invalidated (for example, through the granting of a petition for writ of habeas corpus), because such invalidation is a predicate to bringing suit under § 1983 where a successful suit would imply that the discipline was wrongfully imposed. *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 (9th Cir. 2024).  Plaintiff has not cured this deficiency in the complaint, which indicates that he is unable to allege that the disciplinary finding has been

2

1 | invalidated.

2 | Plaintiff asserts state law claims in addition to federal claims premised on the disciplinary
3 | action. This court may exercise supplemental jurisdiction over any state-law claims provided that
4 | they "are so related to claims in the action within such original jurisdiction that they form part of
5 | the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §
6 | 1367(a). Because plaintiff has failed to state a cognizable federal claim, the court declines to
7 | exercise supplemental jurisdiction over his state law claims.

8 | Plaintiff asserts an unrelated claim against defendant Jimenez predicated on her
9 | communications with plaintiff regarding his status as secretary of the "MAC." ECF No. 12 at 13-
10 | 15. This claim did not appear in the original complaint and is unrelated to the claims asserted
11 | therein. As the court informed plaintiff in the first screening order, "[p]laintiff may not change
12 | the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607
13 | (7th Cir. 2007)." ECF No. 7 at 4. If plaintiff wishes to pursue this claim, he must do so in
14 | another action.

15 | <u>No Further Leave to Amend</u>. Because the first screening order (ECF No. 7) gave plaintiff
16 | notice of the deficiencies in his claims and an opportunity to amend the complaint, the court
17 | recommends that the amended complaint be dismissed without leave to amend. *Williams v.*
18 | *California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) (affirming district court's finding that the
19 | "fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying
20 | their claims, and they failed to do so, demonstrates that amendment would be futile").

21 | **III.    Order and Recommendation**

22 | Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district
23 | judge to this action. It is further RECOMMENDED that the amended complaint be dismissed
24 | without leave to amend for failure to state a claim.

25 | These findings and recommendations are submitted to the United States District Judge
26 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
27 | after being served with these findings and recommendations, any party may file written
28 | objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE